**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

MARVIN KENT,                                                                                                                         PLAINTIFF
ADC # 119175

v.                                                        4:23CV01219-LPR-JTK

DEXTER PAYNE, et al.                                                                          DEFENDANTS

**ORDER**

Marvin Kent ("Plaintiff") is in custody at the Varner Unit of the Arkansas Division of Correction. He filed a Complaint, Amended Complaint, and Second Amended Complaint. (Doc. Nos. 1, 5, 7). He also filed a Motion to Proceed in forma pauperis, which the Court will grant by separate Order. The Court must screen Plaintiff's claims pursuant to the Prison Litigation Reform Act ("PLRA") and in forma pauperis statute.

**I.  Screening**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). See also 28 U.S.C. § 1915(e) (screening requirements).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## II. Discussion

### A. Plaintiff's Pleadings

Plaintiff filed a Complaint, Amended Complaint, and Second Amended Complaint. (Doc. Nos. 1, 5, 7). As the Court of Appeals for the Eighth Circuit has indicated, pleadings should be read together and construed so as to do justice. Kiir v. N. Dakota Pub. Health, 651 F. App'x 567, 568 (8th Cir. 2016); Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam). Accordingly, the Court will treat Plaintiff's allegations as if set out in one Complaint.

Plaintiff did not use the Court's standard 42 U.S.C. § 1983 complaint form for his Complaint. Plaintiff is not required to do so, but the form includes prompts for plaintiffs to provide information that is important for screening a plaintiff's claims.

Plaintiff begins by explaining that he is "a Plaintiff in Frazier v. Kelley & Frazier v. Payne," and a disabled 43-year-old prisoner with a serious medical condition. (Doc. No. 1 at 1). Plaintiff named only Dexter Payne as a Defendant in this case. (Doc. No. 7 at 1). Plaintiff made factual allegations against other individuals, and these individuals were added as Defendants to the style of this case. (Doc. Nos. 1, 5, 7). Plaintiff does not say whether he is suing Defendants in their personal capacities, official capacities, or both. (Id.).

2

According to Plaintiff, he has been held in Isolation cell 27 "on punitive confinement for months while being retaliated on by Warden James Gibson, Deputy Warden Anthony Jackson, Deputy Brandon Carroll and Ms. F. Washington . . . with the help from of the A.D.C. & DOC Administration over Arkansas State Prison – Director Dexter Payne, Assistant Director Mr. Straughn, Chief Assistant Director Dale Reed." (Doc. No. 1 at 1). Plaintiff claims these individuals knew certain inmates had a hit out on Plaintiff's life but refused to take any action to protect Plaintiff. (Id.). Plaintiff has been in an altercation with each of these inmates: a February 2023 altercation with K. Gilliam who was housed with Plaintiff in 16 Barracks and an April 17, 2023 altercation with C. Lewis. (Id.). Plaintiff says James Gibson retaliated against Plaintiff by directing Joseph L. Bivens to file a major disciplinary against Plaintiff after Plaintiff filed grievances and took other actions. (Id.). Plaintiff alleges he was not taken off of punitive confinement after his 30 days, which he claims violated his due process and equal protection rights. (Doc. No. 1 at 1; Doc. No. 7 at 2).

Plaintiff further alleges that "[e]ver since I've filed this law suit on A.D.C. Administrators I've been in retaliation upon by staff & prisoners who they favor." (Id.). He says his "parole has been hinder[ed] and taken plus 6 years I've been incarcerated at this unit . . . I have never advanced in class promotion or had any help wanting to rehabilitate my life." (Doc. No. 1 at 1).

On October 28, 2023, Plaintiff was wrongfully housed in general population by James Gibson, Deputy Brandon Carroll, and Ms. F. Washington. (Id. at 2). Plaintiff asserts Washington wrongfully housed him in 21 Barracks with K. Gilliam who was on Plaintiff's enemy alert list. (Id.).

Plaintiff asks to be transferred to a different unit where he "can restore [his] class promotion an eligible to go before the parole board." (Id.).

Plaintiff also complains about events that happened after he filed this lawsuit. (Doc. Nos. 5, 7).

The Court needs additional information to properly screen Plaintiff's claims.

The Court needs to know whom Plaintiff intended to sue in this case, and in what capacity Plaintiff intended to bring his claims. Also, the Court notes that a plaintiff generally cannot bring claims that arose after he first filed his Complaint—in this case, December 28, 2024. (Doc. No. 1). Claims arising after that date may be brought in a separate law suit.

### B. Superseding Amended Complaint

Plaintiff may amend his Complaint to cure the defects explained above. If Plaintiff decides to amend, Plaintiff should submit to the Court, within thirty (30) days of the entry date of this Order, a superseding Amended Complaint that contains in a single document his claims against all Defendants he is suing. Plaintiff is cautioned that an Amended Complaint renders his original Complaint without legal effect.[1] Only claims properly set out in the Amended Complaint will be allowed to proceed. Therefore, Plaintiff's Amended Complaint should: **1) name each party he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner, including dates, times, and places if possible; 3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; 4) explain the reasons for an official capacity claim, if he makes one; 5) explain how each defendant's**

---

[1] "An amended complaint 'ordinarily supersedes the original and renders it of no legal effect.'" In Home Health, Inc. v. Prudential Ins. Co. of America, 101 F.3d 600, 603 (8th Cir. 1996), quoting International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1994) (other citations omitted).

**actions harmed him personally; 6) explain the relief he seeks; and 7) otherwise cure the defects explained above and set out viable claims.**

If Plaintiff does not submit an Amended Complaint, I will recommend that his original pleading (Doc. No. 1, 5, 7), or parts of it, be dismissed. See 28 U.S.C. § 1915A(a); Loc. R. 5.5(c)(2).

### III. Conclusion

IT IS, THEREFORE, ORDERED that:

1. If Plaintiff wishes to submit an Amended Complaint for the Court's review, he must file the Amended Complaint consistent with the above instructions within thirty (30) days from the date of this Order. If Plaintiff does not submit an Amended Complaint, I will recommend that his original pleading (Doc. Nos. 1, 5, 7), or parts of it, be dismissed. See 28 U.S.C. § 1915A(a); Loc. R. 5.5(c)(2).

2. The Clerk of the Court is directed to mail Plaintiff a blank 42 U.S.C. § 1983 Complaint form.

Dated this 14th day of February, 2024.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE