IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MARVIN KENT,                                                                                                         PLAINTIFF
ADC # 119175

v.                                            4:23CV01219-LPR-JTK

DEXTER PAYNE, et al.                                                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition ("Recommendation") has been sent to United States District Judge Lee P. Rudofsky. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

**I.      Introduction**

Marvin Kent ("Plaintiff") is in custody at the Varner Unit of the Arkansas Division of Correction ("ADC"). Plaintiff filed a Complaint, Amended Complaint, and Second Amended Complaint alleging violations of his federally protected rights. (Doc. Nos. 1, 5, 7-1).

Upon screening Plaintiff's claims pursuant to the Prison Litigation Reform Act ("PLRA") and 28 U.S.C. § 1915(e), the Court determined it needed further information to properly screen Plaintiff's claims. (Doc. No. 10). The Court gave Plaintiff the chance to file a superseding Third Amended Complaint; Plaintiff had until March 15, 2024 to do so. (Id. at 4-5). To date, Plaintiff has not filed a Third Amended Complaint. For the reasons set out below, Plaintiff's

Complaint, as amended, should be dismissed for failure to state a claim on which relief may be granted.

## II.  Discussion

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  See also 28 U.S.C. § 1915(e) (screening requirements).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.  See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## III.  Discussion

### A.  Plaintiff's Pleadings

Plaintiff filed a Complaint, Amended Complaint, and Second Amended Complaint.  (Doc. Nos. 1, 5, 7-1).  As the Court of Appeals for the Eighth Circuit has indicated, pleadings should be

read together and construed so as to do justice. Kiir v. N. Dakota Pub. Health, 651 F. App'x 567, 568 (8th Cir. 2016); Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam). Accordingly, the Court will treat Plaintiff's allegations as if set out in one Complaint.

Plaintiff did not use the Court's standard 42 U.S.C. § 1983 complaint form for his Complaint. Plaintiff is not required to do so, but the form includes prompts for plaintiffs to provide information that is important for screening a plaintiff's claims.

Plaintiff begins by explaining that he is "a Plaintiff in Frazier v. Kelley & Frazier v. Payne," and a disabled 43-year-old prisoner with a serious medical condition. (Doc. No. 1 at 1). Plaintiff named only Dexter Payne as a Defendant in this case. (Doc. No. 7-1 at 1). Plaintiff made factual allegations against other individuals within his statement of claims, and these individuals were added as Defendants to the style of this case. (Doc. Nos. 1, 5, 7-1). But Plaintiff did not indicate that he intended to sue those individuals and, if so, whether he is suing Defendants in their personal capacities, official capacities, or both. (Id.).

According to Plaintiff, he has been held in Isolation cell 27 "on punitive confinement for months while being retaliated on by Warden James Gibson, Deputy Warden Anthony Jackson, Deputy Brandon Carroll and Ms. F. Washington . . . with the help from of the A.D.C. & DOC Administration over Arkansas State Prison – Director Dexter Payne, Assistant Director Mr. Straughn, Chief Assistant Director Dale Reed." (Doc. No. 1 at 1). Plaintiff claims these individuals knew certain inmates had a hit out on Plaintiff's life but refused to take any action to protect Plaintiff. (Id.). Plaintiff has been in an altercation with each of these inmates: a February 2023 altercation with K. Gilliam who was housed with Plaintiff in 16 Barracks and an April 17, 2023 altercation with C. Lewis. (Id.). Plaintiff says James Gibson retaliated against Plaintiff by directing Joseph L. Bivens to file a major disciplinary against Plaintiff after Plaintiff filed

grievances and took other actions. (Id.). Plaintiff alleges he was not taken off of punitive confinement after his 30 days, which he claims violated his due process and equal protection rights. (Doc. No. 1 at 1; Doc. No. 7 at 2).

Plaintiff further alleges that "[e]ver since I've filed this law suit on A.D.C. Administrators I've been in retaliation upon by staff & prisoners who they favor." (Id.). He says his "parole has been hinder[ed] and taken plus 6 years I've been incarcerated at this unit . . . I have never advanced in class promotion or had any help wanting to rehabilitate my life." (Doc. No. 1 at 1).

On October 28, 2023, Plaintiff was housed in general population by James Gibson, Deputy Brandon Carroll, and Ms. F. Washington. (Id. at 2). Plaintiff asserts Washington wrongfully housed him in 21 Barracks with K. Gilliam who was on Plaintiff's enemy alert list. (Id.).

Plaintiff asks to be transferred to a different unit where he "can restore [his] class promotion an eligible to go before the parole board." (Id.).

Plaintiff also complains about events that happened after he filed this lawsuit. (Doc. Nos. 5, 7).

**B.    Analysis**

Plaintiff's allegations as currently pled fail to state a claim for the reasons set out below.

1. **No Policy or Practice**

The Court of Appeals for the Eighth Circuit has explained that "[i]f the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity." Artis v. Francis Howell N. Band Booster Ass'n, Inc., 161 F.3d 1178, 1182 (8th Cir.1998).

Plaintiff did not specify if he was suing Defendants in their personal capacity, official capacity, or both capacities. The Court specifically directed Plaintiff to provide that information

4

(Doc. No. 10 at 4), but Plaintiff failed to do so.  As such, the Court will treat Plaintiff's allegations as raising official capacity claims only.

Plaintiff's § 1983 claim against Defendants in their official capacities are the equivalent of claims against the State of Arkansas.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).  Plaintiff seeks injunctive relief only.  The Eleventh Amendment does not bar claims for prospective injunctive relief.  McDaniel v. Precythe, 897 F.3d 946, 951-52 (8th Cir. 2018) (internal citation omitted); Nix v. Norman, 879 F.2d 429, 432 (8th Cir. 1989).  "[T]o establish liability in official-capacity suit under § 1983, plaintiff must show, inter alia, that official named in suit took action pursuant to unconstitutional governmental policy or custom."  Hood v. Norris, 189 F. App'x 580 (8th Cir. 2006).  But Plaintiff has not alleged that an unconstitutional ADC policy or practice led to any alleged injury.  Accordingly, his § 1983 claims fail.

### 2. Americans with Disabilities Act

Plaintiff says he is disabled.  (Doc. No. 1 at 1).  He also says "[f]ederal statutes may create rights to programs for some prisoners.  Under the Rehabilitation Act and Americans with Disabilities Act, prisons must make their programs accessible to prisoners with disabilities by providing reasonable accommodation of those disabilities."  (Id. at 3).

Plaintiff's claims arise under Title II of the Americans with Disabilities Act ("ADA"). Pennsylvania Dep't. of Corr. v. Yeskey, 524 U.S. 206, 210 (1998).  Title II of the ADA provides: "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity."  42 U.S.C. § 12132.

>  To state a claim under Title II of the ADA, a Plaintiff must allege (1) that he is a qualified individual with a disability; (2) that he was excluded from participation in or denied the benefits of the [prison's] services, programs, or activities, or was otherwise subjected to discrimination by the [prison]; and (3) that such exclusion, denial of benefits, or other discrimination was by reason of his disability.

Rinehart v. Weitzell, 964 F.3d 684, 688 (8th Cir. 2020).

Plaintiff fails to state a claim Under the ADA. He does not sufficiently allege his disability, describe the discrimination, or establish that any denial was based on his disability.

### IV.  Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. This action be DISMISSED without prejudice for failure to state a claim on which relief may be granted.

2. The Court recommend[1] that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

---

[1] The number of strikes a plaintiff has accrued may be determined only by looking backwards to past dismissals; 28 U.S.C. § 1915(g) leaves the effective decision to the later tribunal. Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).

[2] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Dated this 26th day of March, 2024.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE